IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

DWAYNE E. CROPPER,            :
                              :
        Plaintiff,            :
                              :
    v.                        : Civil Action No. 04-1329-JJF
                              :
THOMAS CARROLL, C/O POLK,     :
C/O MORRISON, C/O BURNELL,    :
I/M THEODORE HARRIS, and I/M  :
DAVID TAYLOR,                 :
                              :
        Defendants.           :

### MEMORANDUM AND ORDER

Pending before the Court is Plaintiff's Motion For Appointment of Counsel (D.I. 5). For the reasons discussed, the motion will be denied.

**I. Background**

Plaintiff is an inmate at the Delaware Correctional Center ("DCC") in Smyrna, Delaware. Plaintiff's SBI number is 158839. Defendant Thomas Carroll is a warden at DCC. Defendants Polk, Morrison, and Burnell are corrections officers at DCC. Defendants Theodore Harris and David Taylor are inmates at DCC.

This action stems from events that occurred on August 20, 2004. On that date, Plaintiff was walking on DCC grounds when he slipped on water and fell, injuring his back. Plaintiff filed this action under 42 U.S.C. §1983, claiming that Defendants have ignored repeated requests for proper medical treatment for his back and have agitated the condition by placing him in handcuffs.

## II. Discussion

By his motion, Plaintiff contends that he is indigent and requires the assistance of a court-appointed attorney.

Indigent civil litigants possess neither a constitutional nor a statutory right to appointed counsel. Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997). Nonetheless, district courts have statutory authority to appoint counsel for indigent civil litigants at any time during the litigation. 28 U.S.C. § 1915(e)(1) (providing that "[t]he court may request an attorney to represent any person unable to afford counsel"); Montgomery v. Pinchak, 294 F.3d 492, 504 (3d Cir. 2002).

Section 1915 affords district courts broad discretion in determining whether appointment of counsel in a civil case is appropriate. Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993). In Tabron, the United States Court of Appeals for the Third Circuit developed a list of criteria to aid district courts in weighing whether to request an attorney to represent an indigent civil litigant. As a threshold matter, the Court must assess whether the claimant's case has some arguable merit in fact and law. Tabron, 6 F.3d at 155. If a claimant overcomes this initial hurdle, the Court may then consider the following non-exhaustive list of factors:

   1. the plaintiff's ability to present his or her own case;
   2. the difficulty of the particular legal issues;
   3. the degree to which factual investigation will be

> necessary and the ability of the plaintiff to pursue investigation;
> 4. the plaintiff's capacity to retain counsel on his or her own behalf;
> 5. the extent to which a case is likely to turn on credibility determinations; and
> 6. whether the case will require testimony from expert witnesses.

Tabron, 6 F.3d at 155-57.

When considering a request for counsel, courts must keep in mind

> [the] significant practical restraints on the district courts' ability to appoint counsel, including the ever-growing number of prisoner civil rights actions filed each year in the federal courts; the lack of funding to pay appointed counsel; and the limited supply of competent lawyers who are willing to undertake such representation without compensation.

Montgomery, 294 F.3d at 505 (quoting Tabron, 6 F.3d at 156) (internal quotation marks and citations omitted).

Keeping in mind the practical considerations cited above and exercising the broad discretion offered the Court under Section 1915(e)(1), the Court concludes that the appointment of counsel is not warranted at this time. Arguably, Plaintiff has a claim for relief under 42 U.S.C. §1983. However, Plaintiff has demonstrated an ability to present his own case by making several filings. Additionally, while presumably lacking legal training, Plaintiff is literate and has demonstrated some knowledge of the legal system. Also, Plaintiff does not appear to require assistance in factual investigation, as there is no claim of missing records, and Plaintiff has provided the Court with copies

3

of several filed grievances. Accordingly, the Court will deny Plaintiff's Motion for Appointment of Counsel.

### ORDER

NOW THEREFORE, IT IS HEREBY ORDERED this 13 day of September 2005, that Plaintiff's Motion For Appointment of Counsel (D.I. 5) is **DENIED**.

_____
UNITED STATES DISTRICT JUDGE