IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DWAYNE E. CROPPER, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 04-1329-JJF |
| THOMAS CARROLL, C/O POLK, C/O MORRISON, C/O BURNELL, COMMISSIONER STAN TAYLOR, | : | |
| Defendants. | : | |

## MEMORANDUM ORDER

The Plaintiff, Dwayne E. Cropper, a pro se litigant, has filed this action pursuant to 42 U.S.C. § 1983. For the reasons discussed, the Court will dismiss Plaintiff's claim for negligence as frivolous. Furthermore, the Court will dismiss Plaintiff's claim for failure to provide adequate medical treatment without prejudice and will allow Plaintiff leave to amend the claim within 20 days from the date the Order is mailed.

### I. STANDARD OF REVIEW

Reviewing complaints filed pursuant to 28 U.S.C. § 1915 is a two-step process. First, the Court must determine whether the plaintiff is eligible for pauper status pursuant to 28 U.S.C. § 1915. In this case, the Court granted Plaintiff leave to proceed in forma pauperis and assessed an initial partial filing fee of $12.72. Plaintiff filed the required form authorizing the payment of fees from his prison account.

Once Plaintiff's eligibility for pauper status has been determined, the Court must "screen" the Complaint to determine whether it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).[1]  If the Court finds Plaintiff's Complaint falls under any one of the exclusions listed in the statutes, then the Court must dismiss the Complaint.

When reviewing complaints pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1), the Court must apply the standard of review set forth in Fed. R. Civ. P. 12(b)(6). See Neal v. Pennsylvania Bd. of Prob. & Parole, No. 96-7923, 1997 WL 338838 (E.D. Pa. June 19, 1997)(applying Rule 12(b)(6) standard as the appropriate standard for dismissing claim under § 1915A). Accordingly, the Court must "accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996).  Pro se complaints are held to "less stringent standards

---

[1] These two statutes work in conjunction.  Section 1915(e)(2)(B) authorizes the court to dismiss an in forma pauperis complaint at any time, if the court finds the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief.  Section 1915A(a) requires the court to screen prisoner in forma pauperis complaints seeking redress from governmental entities, officers, or employees before docketing, if feasible, and to dismiss those complaints falling under the categories listed in § 1915A(b)(1).

than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Estelle v. Gamble, 429 U.S. 97, 106 (1976)(quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

The United States Supreme Court has held that the term "frivolous" as used in Section 1915(e)(2)(B) "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." Neitzke v. Williams, 490 U.S. 319, 325 (1989).[2] Consequently, a claim is frivolous within the meaning of Section 1915 (e)(2)(B) if it "lacks an arguable basis either in law or in fact." Id.

## II. DISCUSSION

By his Complaint, Plaintiff alleges that Defendants were negligent in leaving water on the floor, causing him to fall and injure his back. Plaintiff further alleges that Defendants failed to provide adequate medical treatment for his back injury following his fall on the water, violating his Eighth Amendment right to be free from cruel and unusual punishment.

---

[2] Neitzke applied § 1915(d) prior to the enactment of the Prisoner Litigation Reform Act of 1995 (PLRA). Section 1915(e)(2)(B) is the re-designation of the former § 1915(d) under PLRA. Therefore, cases addressing the meaning of frivolous under the prior section remain applicable. See § 804 of the PLRA, Pub.L.No. 14-134, 110 Stat. 1321 (April 26, 1996).

A.  Whether Plaintiff's claim for negligence should be dismissed as frivolous

It is well established that mere negligence by a state official is insufficient to state a claim under § 1983. Poole v. Taylor, No. 99-634-JJF, 2002 U.S. Dist. LEXIS 286, at *8 (D. Del. Jan. 3, 2002); see also Daniels v. Williams, 474 U.S. 327, 329 (1986). A claim under § 1983 requires that the official's action be "deliberate or reckless in a criminal sense." Walls v. Delaware County Prison, No. 90-3041, 1991 U.S. Dist. LEXIS 6854, at *2 (E.D. Pa. May 21, 1991)(finding that a prisoner's claim that he slipped and fell in water amounted to negligence, which did not give rise to a claim under § 1983).

Plaintiff alleges that Defendants left water on the floor, causing him to slip and fall. (D.I. 2 at 4). Plaintiff's claim sounds in negligence, and his remedy is a tort action, not a § 1983 action. Accordingly, the Court will dismiss Plaintiff's claim for negligence under § 1983 as frivolous.

B.  Whether Plaintiff's claim for failure to provide adequate medical treatment should be dismissed as frivolous

Plaintiff also alleges that Defendants' failure to provide adequate medical treatment following the slip-and-fall incident violated his Eighth Amendment right to be free from cruel and

4

unusual punishment. To prevail on a § 1983 claim, Plaintiff must demonstrate the personal involvement of the defendant in the form of actual participation or acquiescence in the alleged unlawful conduct. <u>Tilden v. Williams</u>, No. 03-898, 2005 U.S. Dist. LEXIS 20127, at *5 (D. Del. 2005). For a supervisory official to be held liable for a constitutional tort, the official must either be "the moving force [behind] the constitutional violation" or exhibit "deliberate indifference to the plight of the person deprived." <u>Sample v. Diecks</u>, 885 F.2d 1099, 1118 (3d Cir. 1989).

Plaintiff has not raised any specific allegations against the named Defendants relating to the failure to provide adequate medical treatment. As to Correction Officers Polk, Morrison, and Burnell, Plaintiff claims only that they were present when he fell on the water and that they waited with him until he could be moved to the nurse's office. (D.I. 2 at 6). Furthermore, Plaintiff does not allege that Defendants Carroll and Taylor had any role in failing to provide adequate medical treatment or that they were the moving force behind such a failure. Because Plaintiff has failed to allege any grounds on which to state a claim against Defendants, the Court concludes that Plaintiff's Complaint has no arguable basis in law or fact, and therefore, the Court will dismiss without prejudice Plaintiff's claim for failure to provide adequate medical treatment as frivolous.

5

**ORDER**

NOW THEREFORE, IT IS HEREBY ORDERED that Plaintiff's negligence claim is **DISMISSED AS FRIVOLOUS**. Furthermore, Plaintiff's claim for failure to provide adequate medical treatment is also frivolous and is **DISMISSED WITHOUT PREJUDICE**. Plaintiff shall be granted leave to file an amended complaint regarding the claim for failure to provide adequate medical treatment within 20 days from the date this Order is mailed.

October 11, 2005

UNITED STATES DISTRICT JUDGE